LAW LIBRARY

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 30356

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CHRIS GRINDLING, Petitioner-Appellant, v.
MAUI POLICE DEPARTMENT, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P. NO. 09-1-0081)

ORDER DENYING JULY 19, 2010 HRAP RULE 40 MOTION TO RECONSIDER
JUNE 30, 2010 ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Upon review of (1) the June 30, 2010 order dismissing this appeal for lack of jurisdiction, (2) Petitioner-Appellant Chris Grindling's (Appellant Grindling) July 19, 2010 motion to reconsider the June 30, 2010 dismissal order pursuant to Rule 40 of the Hawai'i Rules of Appellate Procedure (HRAP), and (3) the record, it appears that Appellant Grindling's July 19, 2010 HRAP Rule 40 motion for reconsideration is untimely and lacks merit.

"A motion for reconsideration may be filed by a party only within 10 days after the filing of the opinion, dispositional order, or ruling unless by special leave additional time is granted during such period by a judge or justice of the appellate court involved." HRAP Rule 40(a) (emphases added). The tenth calendar day after the filing of the June 30, 2010 dismissal order was Saturday, July 10, 2010, and, thus, HRAP Rule 26(a) extended the ten-day time period under HRAP Rule 40(a) until Monday, July 12, 2010. Under analogous circumstances, when a pro se prisoner attempts to assert an appeal, the "notice of appeal is deemed filed for purposes of Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a) on the day it is tendered to prison officials by a pro se prisoner." Setala v. J.C. Penney Company, 97 Hawai'i 484, 485, 40 P.3d 886, 887 (2002) (internal quotation marks omitted). The envelope that Appellant Grindling used to mail his HRAP Rule 40 motion for reconsideration appears to indicate that Appellant Grindling tendered his HRAP Rule 40 motion for reconsideration to prison officials for mailing on Tuesday, July 13, 2010. Therefore, Appellant Grindling's HRAP Rule 40 motion for reconsideration is deemed as filed for the

purposes of HRAP Rule 40(a) on July 13, 2010. However, this means that Appellant Grindling did not tender his HRAP Rule 40 motion for reconsideration to prison officials for mailing before the ten-day period under HRAP Rule 40(a) and HRAP Rule 26(a) expired on Monday, July 12, 1010. Therefore, Appellant Grindling's HRAP Rule 40 motion for reconsideration, tendered on Tuesday, July 13, 2010, is untimely under HRAP Rule 40(a).

Furthermore, even if Appellant Grindling's HRAP Rule 40 motion for reconsideration were timely, our review of Appellant Grindling's HRAP Rule 40 motion for reconsideration and the record indicates that we did not overlook or misapprehend any points of law or fact when we dismissed this appeal for lack of appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that Appellant Grindling's July 19, 2010 HRAP Rule 40 motion for reconsideration of the June 30, 2010 dismissal order is denied.

DATED: Honolulu, Hawai'i, July 22, 2010.


Presiding Judge


Associate Judge


Associate Judge